**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**FAUSTO HERRERA JUAREZ**                    **CIVIL ACTION NO. 26-42 SEC P**

**VERSUS**                                              **JUDGE EDWARDS**

**BRYAN PATTERSON ET AL**                     **MAG. JUDGE LEBLANC**

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") (ECF No. 21), filed by the habeas petitioner in this case, Fausto Herrera Juarez ("Petitioner"). After careful consideration of the Motion and the applicable law, it is **DENIED**.

Petitioner is a Guatemalan national with a final order of removal. *See* ECF No. 21-1 at 8. He was granted withholding of removal to Guatemala under the Convention Against Torture ("CAT"). *See id.* Petitioner was released, then re-detained, and the Government now plans to remove him to a third-country, the Democratic Republic of Congo ("DRC"), on April 15, 2026. *See id.* at 8–10. He seeks a TRO to halt that removal, at least while we consider his underlying habeas petition. *See id.* at 7. We cannot do this.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is an extraordinary remedy. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). To obtain a TRO, an applicant must satisfy the following four

elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). And "[t]he decision to grant a [TRO] is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). Relevant here, "a party who fails to show a 'substantial likelihood'" of jurisdiction is not entitled to a temporary restraining order. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

The Fifth Circuit has recently said, in an unpublished opinion, that "[a] request for stay of removal is a challenge to a removal order." *Imran v. Harper,* No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citing *In re Asemani*, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025)). And thus, even for the purpose of maintaining jurisdiction to decide a habeas petition, we lack jurisdiction under 8 U.S.C. § 1252(g) to stay removal where a final order exists. *See id.* District courts have followed suit. *See e.g.*, *Ali v. LaSalle Corr.*, 2026 WL 579945 (W.D. La. Mar. 2, 2026). Here, Petitioner's "requested relief, a stay from removal, would necessarily impose a judicial constraint on immigration authorities' decision to [remove Petitioner to the D.R.C], contrary to the purpose of § 1252(g)." *Viana v. President of United States*, No. 18-222, 2018 WL 1587474, at *2 (D.N.H. Apr. 2, 2018), *aff'd*, 2018 WL 11450369 (1st Cir. June 18, 2018). And again, "[b]ecause this challenge is tantamount to a challenge to the execution of a removal order, section 1252(g) bars [this Court] from exercising jurisdiction." *Cardoso v. Reno,* 216 F.3d 512, 517 (5th Cir. 2000).

Without jurisdiction to stay removal,[1] we leave for another day the thornier question of whether a determination by the Executive that a country will not torture a person is conclusive.  *See Kiyemba v. Obama*, 561 F.3d 509, 514 (D.C. Cir. 2009) (federal courts "may not question the Government's determination that a potential recipient country is not likely to torture a detainee"); *see also Munaf v. Geren*, 553 U.S. 674, 702–03 (2008).

**DENIED**.[2]

**THUS DONE AND SIGNED** this 10th day of April, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner contends that we have authority separate and apart from that conferred by Rule 65 to issue an injunction under the All Writs Act, 28 U.S.C. §1651.  *See* ECF No. 21-1 at 11.  The Fifth Circuit has said, however, that "the All Writs Act does not free a district court from the restraints of Rule 65."  *Fla. Med. Ass'n, Inc. v. U. S. Dep't of Health, Ed. & Welfare,* 601 F.2d 199, 202 (5th Cir. 1979); *see also id*. at 202–203 (finding no authority for the district court to "fashion[] its own procedural animal in order to more harmoniously meet its immediate purpose.").  Nor does Petitioner explain how the All Writs Act could confer jurisdiction that §1252(g) has apparently stripped.

[2] Of course, Petitioner may seek emergency relief at the Fifth Circuit.